## CARELESS FEEDING OF A RUBBER MILL.

[Circuit Court of Summit County.]

THE DIAMOND RUBBER COMPANY v. ADDISON H. McCLURG.

Decided, April 19, 1904.

*Negligence—As Between Master and Servant—Where the Work Was Dangerous and the Workmen Careless—Master Not Bound to Anticipate an Accident Which Occurred in an Unheard of Way.*

Where a servant, engaged in a dangerous occupation, disregards his instructions, and performs his work in a manner different from that directed, and is injured in so doing, the master can not be held liable for failure to warn the workman against an injury occurring in a manner in which he had no reason to anticipate it might occur.

McCARTY, J. (sitting in place of Winch, J.); HALE, J., and MARVIN, J., concur.

Error to the Court of Common Pleas of Summit County.

This cause comes into this court on petition in error to reverse the judgment of the common pleas court in what is called a personal injury case. The action was tried below to a jury, a verdict in favor of the plaintiff was rendered, and motion for new trial overruled and exceptions taken. Plaintiff states his cause of action in his petition as follows:

The defendant is a corporation, incorporated under the laws of Ohio. On the 7th day of February, 1901, the defendant owned and operated certain manufacturing shops for the purpose of making rubber, which shops are situated in Akron, said Summit county, and has ever since and still operates said shops. On the 7th day of February, 1901, the defendant employed plaintiff to work in said shops, and plaintiff, pursuant to said employment, to-wit, on the 7th day of February, 1901, commenced and continued to work from said day up to the 21st day of February of said year.

That on the said 7th day of February, the defendant, through one of its foremen of said shops, ordered plaintiff to work in that part of its said shops known as the mill-room, at

a machine designated as a mixing-mill, for the purpose of mixing rubber and making rubber.

That there are two large steel rollers on the mill, placed side by side, about four feet from the floor, which rollers are about five feet in length and about twelve or fifteen inches in diameter, and when said mill was in operation, said rollers revolve together at a rapid rate of speed.

In operating this mill it was necessary for workmen, and this plaintiff to stand in front of said rollers and place the rubber on said rollers so as to run it through until properly mixed into slabs, and when the edges of said slabs were uneven and ragged it was necessary, and the duty of the workmen and plaintiff, to place said slabs on said rollers so that it would double said ragged edges back and pass through so as to even up said edges, which work was very hazardous and attended with great danger to the person operating said mill, and when said slab is placed upon said rollers as aforesaid it is liable in doubling, in the ordinary operation of said machine, to catch the hands of the person operating the same and draw them in between said rollers.

That to operate said mill, or machine, so as to avoid said dangers and to protect the operator from injury, required great experience and skill as to the proper mode of operating the same as well as a knowledge of the dangers that existed, and the injuries to the operator that might, and were liable to occur, all of which was unknown to the plaintiff, but defendant had full knowledge thereof, and well knew that the plaintiff did not know, and could not learn and discover in time to protect himself from injury.

That at the time herein mentioned the plaintiff was inexperienced in any kind of shop work, and had no knowledge or experience whatever in the operation of said mill or doing the work thereon aforesaid, and had no knowledge of the hazards and dangers attending the operation of said mill, nor had he equal means with the said defendant of knowing or ascertaining said hazards and dangers; that said hazards and dangers in the operation of said machine were not obvious; that it could only be known from skill and experience in the operation there-

of, and as to the proper way to operate said machine to protect one from injury that might arise from said dangers, all of which was well known to said defendant and its said foreman.

And plaintiff says that the labor performed by him as aforesaid, and as hereinafter described, was done under the immediate direction and supervision of said foreman, and it was the duty of the defendant and its said foreman, before directing the plaintiff to work upon and operate said machine, to instruct him as to the manner of performing said labor, so as to protect himself against injury and avoid the said dangers incident thereto, and to caution and warn him of the dangers to which he was subjected in the performance of said work, but negligently and in disregard of its said duty towards plaintiff, said defendant, and its said foreman, wholly failed and neglected to so instruct the plaintiff in the premises, or caution or warn him of the dangers incident thereto.

That on the 21st day of February, 1901, while working at said mill in mixing rubber, and making a rubber slab about two feet square, it became necessary by reason of the ragged edges of said rubber slab for him to place said slab on the top of said rollers as aforesaid, and for the purpose aforesaid he did place it on the top of said rollers while they were rapidly revolving, and put his left hand on said rubber, pressing it against the roller at the side next to him, to prevent it from slipping, and so that the said rollers would catch it and double it, and said rollers did catch it, and when it doubled, the end farthest from him and on the opposing roller, was thrown over onto his said hand with great force, instantly drawing it between said rollers and so mangling it that it necessarily had to be, and was, amputated at the wrist joint. That he suffered greatly in body and mind from said injury and was for a long time sick, and is forever disabled from performing manual labor, and is permanently injured, all of which suffering and injury was directly caused by the carelessness and negligence of the defendant aforesaid, and without any fault or negligence on the part of plaintiff, to his damage in the sum of twenty thousand dollars, for which sum he asks judgment against the defendant.

Defendant for its answer says that it admits that it was and is a corporation duly organized and existing under and by virtue of the laws of the state of Ohio, and at all times mentioned in said petition it was engaged in the manufacture of rubber and rubber goods in the city of Akron, said county and state.   It admits that on the 21st of February, 1901, and for a time prior thereto the plaintiff was in its employ and was engaged in operating a certain machine designed for the mixing and making of rubber sheets or slabs.   It admits that on the 21st day of February, 1901, the plaintiff sustained certain bodily injuries on account of which his left hand was amputated at or near the wrist, but it avers that said injuries were caused by the inadvertence, inattention, carelessness and negligence of the plaintiff himself, and not by reason of any default, carelessness or negligence on the part of the defendant company.   And further answering defendant denies each and every statement, allegation and averment in said petition contained, not herein specifically admitted or denied, and having fully answered prays to be dismissed with its costs.

To that answer a reply has been interposed which denies the statements and allegations contained in the said answer, except such as are admissions of the allegations and statements contained in the plaintiff's petition filed herein.   Upon these pleadings the case was tried to a jury, and, as I have said, a verdict was rendered in favor of the plaintiff.   The facts in the case are substantially as follows:

There were in this machine two large steel rollers placed side by side; they are about five feet in length and twelve to fifteen inches in diameter, and when in operation said rollers revolve together; that is, toward each other, at ten to fifteen revolutions per minute.   In operating this mill it was necessary for the plaintiff to stand in front of the rollers and place the rubber on said rollers so as to run it through until properly mixed and pressed.   On the 21st day of February, 1901, the injury of which complaint is made occurred, causing the loss of the plaintiff's left hand.   It is claimed that the plaintiff was inexperienced in such work as this, and that the foreman neglected to instruct him in the proper way to perform this work so as to

avoid the dangers incident thereto. The contention of the plaintiff in error is that the dangers were obvious, and that the plaintiff below had been fully instructed as to how to do his work safely, and that if he had followed these instructions he would not have been injured. He was instructed as shown by the record as follows:

"Q. What was this other man doing you speak of? A. He was a mill man working on the mill.

"Q. Working on the mill? A. Yes, sir.

"Q. What did he say to you in the way of operating the mill? A. He showed me; he done most of the work.

"Q. Was anything further than that said to you before you cut the rubber off when it would stick and to throw the compound in and pour oil in.

"Q. Was anything further than that said to you before you commenced the handling of the mill yourself? A. I was told not to put my hand up where the rolls begin to go downward; keep my hands down where they were coming up.

"Q. Who told you that? A. This man that I worked with and also the boss.

"Q. Who was the boss? A. Noonan.

"Q. State what Noonan said to you on that subject about the operating of the mill? A. Well, he said it was a dangerous machine and to be careful.

"Q. What further did he say? A. And not let my hands get so they would go down over; keep them at a certain point on the mill.

"Q. Was there any other foreman there while you were at work? A. Foreman?

"Q. Of those mills, that were there specially? A. A man by the name of Oberdoerster that I worked under when I commenced at night work.

"Q. What talk did you have with him on the subject of operating the mill? A. Well, he told me about the same as Mr. Noonan.

"Q. Go on and tell what was said. A. He told me to feed the rubber in certain batches, not put my hands over where the roller turned in; and when I was cutting off, if the rubber was going to catch me, to let the knife go in if it was necessary and keep my hands off of the top of the rollers in working."

And on cross-examination he said in answer to the questions:

''Q.   And all three of these men, Mr. Noonan, Mr. Oberdoer-
ster and Mr. Hazard, told you where to put your hands and
where not to put them?   A.   Yes, sir.

''Q.   And they all told you not to put your hands .above the
top of the rollers?   A.   Yes, sir.

''Q.   Calling your attention, Mr. McClurg, to your statement
that Mr. Hazard, or the man with whom you worked when you
first began there, that he instructed you or told you not to put
your hands on top of the rolls, did he give you any reason why
you should not put your hands on top of the rollls?   A.   Why,
he said the rolls were turning inward that wav  that they were
liable to catch my hands.

''Q.   Danger of catching your hands?   A.   Yes, sir.

''Q.   Now at the time you was injured you may state to the
jury what you were doing at that time, at the time you were
injured.   A.   Well, I was just finishing up ready to quit; it
was just before the whistle blowed a little while, and I had my
last batch on finishing up; it was ragged and I wanted to make
it even and nice; I picked it up and throwed it in the mill, and it
slid and didn't go in and went clear over the other side; I put
my left hand in, and it bounded, and when it bounded it struck
my wrist and arm and dragged it in before I could put it
back.''

That is a direct violation of his instructions.   If he had fol-
lowed his instructions and kept his hands above the rollers he
would not have been injured.   He could as easily have kept his
hand out, kept it above the rollers as to have kept it from going
further down.   Such an injury never happened before.   The
company was not bound to anticipate or guard against it.   It
is not negligence on the part of the master to fail to instruct an
employe to avoid an injury which the master had no right to
anticipate would happen.   It is only as to injuries that are
likely to occur, not those that never did occur, that the master
never heard of, that he is bound to anticipate and bound to
guard his employes against.   The plaintiff below clearly brought
this injury on himself.   The danger was obvious.   He needed
no instructions to keep his hands from between those rollers,
and if he did, he was fully warned of all the dangers, fully in-
structed as to how to operate the mill and avoid being caught.
He disregarded his instructions, and on no principle of law or

right can he recover. The judgment of the court below will be reversed with costs, and exceptions noted.

*E. K. Wilcox,* for plaintiff in error.

*Geo. M. Anderson,* for defendant in error.